IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JERRY JOHNNY THOMPSON, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO.: 7:06-CV-91 (HL) |
| JERRY BROGDEN; RYLEY | : | |
| O'BERRY; TONI BENIFIELD; | : | |
| DONALD FRANKLIN; JAMY | : | |
| STIENBURG; REGGY HURST; | : | |
| RICKY DANIEL COLLUM; | : | |
| ROBERT CARTWRIGHT, | : | **ORDER** |
| | : | |
| Defendants | : | |
| | : | |

Plaintiff **JERRY JOHNNY THOMPSON, JR**, an inmate at the Federal Correctional Institute in Edgefield, South Carolina, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1]

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated September 8, 2006, the Court

---

[1] Plaintiff has named five state officials, his appointed criminal defense attorney, and two federal officials as defendants. To the extent that this action is brought against federal officials, the Court will construe those particular claims as being brought directly under ***Bivens v. Six Unknown Name Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1970). "'The effect of ***Bivens*** was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the [§] 1983 action against state officials'." ***Abella v. Rubino***, 63 F.3d 1063, 1065 (11th Cir. 1995)(quoting ***Dean v. Gladney***, 621 F.2d 1331, 1336 (5th Cir. 1980)). Therefore, "courts generally apply § 1983 law to ***Bivens*** cases." ***Id***.

granted plaintiff's motion to proceed *in forma pauperis*; but ordered that he pay an initial partial filing fee in the amount of $61.12. The Court received plaintiff's initial partial filing fee on September 18, 2006.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983 (or *Bivens*), a plaintiff must

allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law; or federal law for federal officials. *Id*.

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

A. Plaintiff's allegation regarding the seizure and forfeiture of his $10,000.00

Plaintiff states that on November 8, 2004, Sheriff Jerry Brogden of the Berrien County Sheriff's Office and Sheriff's Investigator Toni Benifield searched a home located on Barker Road in Ray City, Georgia. Plaintiff steadfastly maintains that this was not his residence.[2] Plaintiff alleges that numerous deer rifles, which belonged to Wilma Stover, were seized during this search.

Plaintiff alleges that on November 8, 2004, he was instructed to report to the Berrien County Law Enforcement Center in Nashville, Georgia. Plaintiff states that when he arrived at this facility, Sheriff's Investigator Ryley O'Berry instructed him to park his 1998 Dodge pick-up truck in a locked area located in the Berrien County Law Enforcement Center Compound. Plaintiff states that he protested because he had money ($10,000.00) located in the truck. However, he relented when he was assured the money and truck would be safe in this locked facility.

---

[2]Plaintiff states that prior to his incarceration he resided at 1502 Oldmilltown Road in Nashville, Georgia.

Apparently plaintiff was then transported to the Cook County Sheriff's Office, where he was questioned by Investigator O'Berry regarding his involvement in the recent murder of Jaime Resendez. When plaintiff was returned to the Berrien County Law Enforcement Center, he learned that Georgia Bureau of Investigation ("GBI") Agent Jamy Stienberg had instructed Ryley O'Berry to seize his $10,000.00. According to plaintiff, he was told that "he would get the money back after the investigation was over." (Pl.'s Compl., p. 6).

Plaintiff states that during December 2004, he had several conversations with Ryley O'Berry and Jamy Steinburg regarding the return of his money. According to plaintiff, these defendants assured him of its swift return. However, plaintiff states that Toni Benifield, Jerry Brogden, and District Attorney Charles J. Steedley filed a condemnation action against this money and the deer rifles that were seized at the residence on Barker Road. Plaintiff states that Deputy Donald Franklin served him with notice of the condemnation action on January 5, 2005.

Plaintiff explains that on January 5, 2006, he and Wilma Stover (the alleged owner of the seized deer rifles) complained to the Clerk of the Berrien County Superior Court, Toni Benifield, and an unknown employee at the Berrien County District Attorney's office regarding the condemnation of the rifles and plaintiff's $10,000.00. Plaintiff states that on February 21, 2005, his money, Ms. Stover's rifles, and various other items were forfeited to the State of Georgia "without allowing [him] a chance to appear, or in default without notice." (Pl.'s Compl., p. 9).

Plaintiff complains that Jerry Brogden, Toni Benifield, Ryley O'Berry, Donald

Franklin, and Jamy Steinburg violated his due process rights when they seized and subsequently forfeited his $10,000.00. Plaintiff seeks "[c]ompensatory damages in the amount of $10,000.00 . . . against the Berrien County Georgia Sheriff's Office." [3] (Pl.'s Compl., p. 14).

The Court of Appeals for the Eleventh Circuit has explained that a plaintiff cannot bring a 42 U.S.C. § 1983 procedural due process claim for wrongful retention of his property when adequate post-deprivation remedies exist at the state level. *See **Lindsey v. Storey***, 936 F.2d 554, 560 (11th Cir. 1991) ("Even assuming the continued retention of plaintiff's personal property is wrongful, no procedural due process violation has occurred 'if a meaningful postdeprivation remedy for the loss is available'.")(quoting ***Hudson v. Palmer***, 468 U.S. 517, 533 (1984)). It appears that a state condemnation action took place in this case. Moreover, plaintiff even states that on January 5, 2005, he was personally served with notice of this action. This condemnation action or forfeiture proceeding provided plaintiff "a postdeprivation avenue of recovery for the cash" he claims was wrongfully seized. ***Lindsey***, 936 F.2d at 561.

Moreover, even assuming plaintiff did not have adequate notice and an opportunity to contest the forfeiture, there still exists an adequate postdeprivation remedy in Georgia. Under Georgia law, plaintiff could bring a civil action for wrongful conversion of personal property under O.C.G.A. § 51-10-1. "This statutory provision covers the unauthorized

---

[3] The Court notes that the Berrien County Sheriff's Office is not a legal entity that is subject to suit and liable for damages. ***Dean v. Barber***, 951 F.2d 1210, 1214 (11th Cir. 1992)

seizure of personal property by police officers ... [and] provide[s] an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law." ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987). It does not appear that plaintiff has availed himself of this remedy.

In conclusion, because there exists adequate postdeprivation state remedies for the recovery of plaintiff's seized personal property, plaintiff has failed to allege a violation of his due process rights.

B. Plaintiff's allegation that his indictment was based on allegedly false information; plaintiff's allegation that false statements were made regarding his ownership of the forfeited deer rifles; plaintiff's claim that there existed an alleged conspiracy to deprive him of a fair trial; and plaintiff's claims regarding attorney malpractice or ineffective assistance of counsel.

Plaintiff states that he was indicted "by federal authorities . . . for a marijuana conspiracy" in Criminal Case Number 1:04-CR-37. (Pl.'s Compl. p. 9). Plaintiff ambiguously states that this indictment was obtained by "using evidence of false DEA-6 form by Drug Enforcement Administration Agent Robert Cartwright dated November 9, 2004 and GBI investigation summary reports by GBI Agent Jamy Steinburg." (Pl.'s Compl., p. 9).

Plaintiff states that on April 20, 2005, he "was indicted in the Valdosta Division of the Middle District of Georgia on Case Number 7:05-CR-0009 for the very same subject matter from active indictment number 1:04-CR-00037[;] [b]ut with two more charges added for gun possession stemming from the illegal search" of the Barker Road residence. (Pl.'s

Compl., p. 9).[4] Plaintiff explains that Criminal Action Number 1:05-CR-37 was "dismissed [in] May 2005 for unknown reasons." (Pl's Compl., p. 9).

Plaintiff alleges that he was "illegally interrogated" on a number of occasions. Specifically, plaintiff states as follows:

> The illegal interrogations of [plaintiff] by [GBI] Special Agent Jamy Stienburg, Berrien County Georgia Sheriff's Investigator Ryley O'Berry, United States Marshall Reggy Hurst, Attorney Ricky D. Collum, Drug Enforcement Administration Special Agent Robert Cartwright from October 27, 2004 through November 26, 2005 violated [plaintiff's] . . . rights . . . to counsel, and right to remain silent. . . causing the loss of liberty to [p]laintiff, and irreversible emotional damage.

(Pl.'s Compl. p. 12-13).

It appears that on September 22, 2005, plaintiff "pled guilty to conspiracy to possess more than 1000 kilogram of marijuana from April 4, 2004 though November 8, 2004." *United States v. Thompson*, No. 05-15390, 2006 U.S. App. LEXIS 14529 (11th Cir. June 13, 2006). Plaintiff received a 327-month sentence. *Id*. This sentence was upheld on appeal. *Id*.

Plaintiff alleges that his sentence was enhanced due to the testimony of Jamy Steniburg. Specifically, plaintiff states that Jamy Steinburg falsely "testified on September 22, 2005 at the sentencing hearing that [plaintiff] possessed the weapons and that the Barker Road . . . home. . . belonged to [plaintiff]." (Pl.'s Compl., p. 10).

Plaintiff makes various allegations against his appointed attorney, Ricky Collum.

---

[4] A review of court records reveals that the unlawful transportation of firearms charges were dismissed by government motion. *Thompson v. U.S.A.*, 7:05-CR-9 (HL).

Plaintiff alleges that Ricky Collum violated [a]ttorney/client privileges and discussed with GBI Agent Jamy Stienburg what [plaintiff] told him" about the murder of Jaime Resendez (Pl.'s Compl., p. 10). Plaintiff claims that his appointed attorney met with Jamy Stienburg "several times" at his office in an attempt to help the GBI solve the pending murder case. Plaintiff also states that in October 2005, Ricky Collum told him that it was "O.K. to take [a] polygraph" in relation to this murder. (Pl.'s Compl., p. 11).[5]

Plaintiff also makes the general allegation that there was a conspiracy between Jamy Stienburg, Ryley O'Berry, Reggy Hurst, Ricky Collum, Robert Cartwright to deny him a fair trial in his federal drug case.

Plaintiff requests damages and "a declaration that the [a]cts and [o]missions described herein violated [p]laintiff's rights under the Constitution and Laws of the United States." (Pl.'s Compl., p. 14).

All of these claims fall within the ambit of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477(1994). In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct

---

[5] The Court notes that plaintiff is currently incarcerated for conspiracy to possess more than 1000 kilograms of marijuana during a certain period of time in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A)(vii), 846. *United States v. Thompson*, No. 05-15390, 2006 U.S. App. LEXIS 14529 (11th Cir. June 13, 2006). Plaintiff alleges that he has been interviewed and "illegally interrogated" several times in relation to a murder case. To the extent that murder charges are currently pending against plaintiff, *Younger v. Harris*, 401 U.S. 37 (1971) requires this Court to abstain from interfering with these ongoing state court criminal proceedings.

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

In other words, a prisoner cannot bring a § 1983 (or ***Bivens***) action for damages that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Such an action, if brought prior to invalidation of the conviction or sentence challenged, must be dismissed as premature. *Heck*, 512 U.S. at 486-88. Additionally, plaintiff's request for declaratory relief is not available because "[i]njunctive and declaratory relief claims which challenge the fact or duration of confinement are simply never cognizable in § 1983 or ***Bivens*** actions." ***Abella v. Rubino***, 63 F.2d 1063, 1066 n.4 (11th Cir. 1995).

In the case at bar, plaintiff's allegations–that false information was used to obtain an indictment; that he was denied the right to counsel; that he was denied the right to remain silent during "illegal interrogations"; that false testimony was given during sentencing;[6] and that numerous parties conspired to deny him a fair trial–would, if proven, invalidate his guilty plea and/or sentence. ***See Abella*** at 1065 (Explaining that when a plaintiff's "claims rest on the contention that the defendants unconstitutionally conspired to convict him of crimes he did not commit[,] [j]udgment in favor of [the plaintiff] on these claims 'would

---

[6]The Court notes that plaintiff's claim that GBI Agent Jamy Steinburg provided false testimony during his sentencing hearing fails for an additional reason. Courts have explained that witnesses, whether private citizens or law enforcement officials, are absolutely immune from civil damage claims based on their testimony in a judicial proceeding. ***Briscoe v. LaHue***, 460 U.S. 325 (1983).

necessarily imply the invalidity of his conviction'. . . . Because [the plaintiff's] convictions have not been invalidated, his ***Bivens*** damages claims are not ripe.")(quoting ***Heck***, 512 U.S. at 487).  Because plaintiff has not demonstrated that his guilty plea or sentence has been overturned on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, ***Heck*** bars these claims.  Only if, and when, his plea or sentence is invalidated, may he then institute an action for damages or declaratory relief on these claims  under § 1983 in federal court.

Additionally, in relation to plaintiff's claims against his attorney Ricky Collum, it is well settled that allegations against criminal defense counsel, court appointed or privately retained, do not state a claim under § 1983 because such attorneys do not act under "color of state law" when they act as attorneys for criminal defendants. ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Services performed by an attorney in connection with a criminal action, no matter how incompetent, simply do not constitute action under "color of state law." ***Id***.;  ***See also O'Brien v. Colbath***, 465 F.2d 358, 359 (5th Cir. 1972)(Holding that 42 U.S.C. § 1983 "was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys.").[7]

An attorney may, however, be sued under § 1983 if he conspired with someone who did act under color of state law.  ***Wahl v. McIver***, 773 F.2d 1169, 1183 (11th Cir. 1985).

---

[7]In ***Bonner v. City of Pritchard***, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

Plaintiff does allege a conspiracy between Mr. Collum and numerous federal and state officials. However, the "naked assertion of a conspiracy . . . without supporting, operative facts" establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 liability. ***Phillips v. Mashburn***, 746 F.2d 782, 785 (11th Cir. 1984); ***Fullman v. Graddick***, 739 F.2d 553 (11th Cir. 1984).

### IV.  CONCLUSION

For the reasons explained above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.[8]

**SO ORDERED**, this 26th day of September, 2006.

s/   **Hugh Lawson**
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb

---

[8] As the Court is dismissing plaintiff's complaint as frivolous, his motion to appoint counsel (Tab #3) is **DENIED AS MOOT**.